**The STATE of Texas, Appellant,**

v.

**ONE THOUSAND DOLLARS ($1,000.00) IN UNITED STATES CURRENCY, AND ONE PISTOL, SERIAL NO. FC28277, Appellee.**

No. 13–92–101–CV.

Court of Appeals of Texas, Corpus Christi.

Aug. 31, 1993.

Rehearing Overruled Oct. 7, 1993.

Theodore C. Hake, Cynthia A. Morales, Sofia Arizpe, Asst. Crim. Dist. Attys., Rene Guerra, Dist. & County Atty., Edinburg, for appellant.

Joseph A. Connors, III, McAllen, for appellee.

Before GILBERTO HINOJOSA, NYE [1] and DORSEY, JJ.

## OPINION

GILBERTO HINOJOSA, Justice.

In three points of error, the State of Texas challenges the trial court's forfeiture of contraband pursuant to Chapter 59, TEX.CODE CRIM.PROC.ANN. (Vernon Supp.1993). We affirm the judgment as modified.

On December 20, 1991, the 370th District Court of Hidalgo County, Texas, held a forfeiture hearing to dispose of $1,000 and a pistol seized during the arrest of a person for delivery of marihuana and illegal possession

of a weapon. The trial court found that the $1,000 and pistol were "contraband" as defined by TEX.CODE CRIM.PROC.ANN. art. 59.-01(2) (Vernon Supp.1993), and, therefore, were "subject to forfeiture." Because the trial court found "no evidence that a local agreement [had] been executed between the attorney representing the state and the seizing law enforcement agency," it ordered the Hidalgo County District Attorney's Office to deliver the $1,000 to the State Treasury of Texas, and to deliver the pistol to the Hidalgo County Sheriff's Office. Upon sale of the pistol at public auction, the proceeds were to be deposited with the State Treasury of Texas.

■ This Court is asked to determine whether, before the trial court must forfeit contraband to the State, the State must prove in a forfeiture hearing the existence of a "local agreement" with law enforcement agencies.[2] The forfeiture of contraband is governed by chapter 59 of the Texas Code of Criminal Procedure. *See* TEX.CODE CRIM. PROC.ANN. art. 59.01 et seq. (Vernon Supp. 1993). Accordingly, to clarify the forfeiture procedure, we must construe chapter 59.

The first step in the construction of a statute is to apply the "plain meaning rule." *See Boykin v. State*, 818 S.W.2d 782, 785–86 (Tex.Crim.App.1991).[3] The application of the "plain meaning rule" requires us to give a statute its plain meaning if the statutory language is clear and unambiguous. *Id.* That the "plain meaning rule" applies to the construction of chapter 59 is buttressed by article 3.01 of the Texas Code of Criminal Procedure, which states that "words, phrases and terms ... are to be taken and understood in their usual acceptation in common language, except where specially defined."

TEX.CODE CRIM.PROC.ANN. art. 3.01 (Vernon 1977).

■ Article 59.05(e) of the Texas Code of Criminal Procedure clearly and unambiguously states that, once a court determines that property is "subject to forfeiture," "the judge *shall* forfeit the property to the state, with the attorney representing the state[4] as the agent for the state." TEX.CODE CRIM. PROC.ANN. art. 59.05(e) (Vernon Supp.1993) (emphasis added). Accordingly, once the trial court in this case determined during the forfeiture hearing that the $1,000 and pistol were "subject to forfeiture," the trial court did not have the discretion to forfeit the property to any person or entity other than the Hidalgo County District Attorney. The plain meaning of the mandatory language of article 59.05(e) dictates that the trial court *must* forfeit contraband to the attorney representing the state.

■ Whether a "local agreement" exists between the attorney representing the state and the seizing law enforcement agency does not affect the trial court's disposition of contraband in a forfeiture hearing held pursuant to chapter 59, TEX.CODE CRIM.PROC.ANN. (Vernon Supp.1993). The existence of a "local agreement" does, however, affect the manner in which the attorney representing the state administers the contraband. Article 59.06(a) states:

> All forfeited property shall be administered by the attorney representing the state, acting as the agent of the state, in accordance with accepted accounting practices and with the provisions of any *local agreement* entered into between the attorney representing the state and law enforcement agencies. *If a local agreement has not been executed, the property shall*

---

**2.** Whether the $1,000 and pistol were "contraband" and "subject to forfeiture" is not in dispute in this appeal. Nonetheless, we note that under article 59.02(a), property "subject to forfeiture" includes "contraband," and that the trial court in this case determined that the $1,000 and pistol were "contraband" within the meaning of article 59.02(a).

**3.** "If the plain language of a statute would lead to absurd results, or if the language is not plain but rather ambiguous, then *and only then*, out of absolute necessity, is it constitutionally permissi-

ble for a court to consider, in arriving at a sensible interpretation, such *extra*textual factors as executive or administrative interpretations of the statute or legislative history." *Boykin*, 818 S.W.2d at 785 (emphasis in original).

**4.** "Attorney representing the state" is defined as the prosecutor with felony jurisdiction in the county in which a forfeiture proceeding is held under chapter 59. *See* TEX.CODE CRIM.PROC ANN. art. 59.01(1) (Vernon Supp.1993).

*be sold on the 75th day after the date of the final judgment of forfeiture* at public auction under the direction of the county sheriff, after notice of public auction as provided by law for other sheriff's sales.

TEX.CODE CRIM.PROC.ANN. art. 59.06(a) (Vernon Supp.1993) (emphasis added). The plain meaning of this mandatory language is that *all* forfeited property *must* be administered by the attorney representing the state. The attorney has seventy-five days in which to dispense with the forfeited property pursuant to the "local agreement" with law enforcement agencies. A "local agreement" need not exist at the time the trial court forfeits the contraband to the attorney representing the state because the attorney representing the state has seventy-five days from the date of final judgment of forfeiture to enter into such a "local agreement." Accordingly, even if no "local agreement" existed at the time of this forfeiture hearing, once the trial court determined that the $1,000 and pistol were "subject to forfeiture," it was required by law to forfeit the $1,000 and pistol to the Hidalgo County District Attorney's Office.

We hold that, in a forfeiture hearing, the trial court may not consider the existence of a "local agreement" between the attorney representing the state and the seizing law enforcement agency. Accordingly, it was error for the trial court in this case to forfeit the contraband to the Hidalgo County Sheriff's Office and the State Treasury of Texas. Once the trial court determined that the property was "subject to forfeiture," it should have forfeited the property to the Hidalgo County District Attorney's Office, to be disposed of pursuant to article 59.06 TEX. CODE CRIM.PROC.ANN. (Vernon Supp.1993). Appellant's first point of error is sustained.

Because they are not necessary for the disposition of this appeal, we will not address appellant's other points of error. TEX. R.APP.P. 90(a).

The judgment of the trial court is AFFIRMED and MODIFIED to forfeit the $1,000 and pistol to the Hidalgo County District Attorney's Office, which should dispose of the contraband pursuant to article 59.06 TEX.CODE CRIM.PROC.ANN. (Vernon Supp. 1993).

NYE, Former C.J., not participating.