The STATE of Texas, Appellant,

v.

TWENTY THOUSAND FOUR HUNDRED EIGHTY ($20,480) DOLLARS IN UNITED STATES CURRENCY, Appellee.

No. 13–92–249–CV.

Court of Appeals of Texas,
Corpus Christi.

Aug. 31, 1993.

Rehearing Overruled Oct. 7, 1993.

Theodore C. Hake, Asst. Crim. Dist. Atty., Rene Guerra, Dist. & County Atty., Randolph Booth, Asst. Dist. Atty., Cynthia A. Morales, Asst. Crim. Dist. Atty., Edinburg, for appellant.

Joseph A. Connors, III, McAllen, Kay Bailey Hutchison, Austin, for appellee.

Before GILBERTO HINOJOSA, NYE [1] and DORSEY, JJ.

## OPINION

GILBERTO HINOJOSA, Justice.

The State appeals the forfeiture of $20,480 in U.S. Currency to the State Treasury Office on the grounds that no "local agreement" need exist for the trial court to forfeit contra-

1. Former Chief Justice, retired April 30, 1993.

band to the attorney for the State. We agree and affirm as modified, with instructions to forfeit the currency to the Hidalgo County District Attorney's Office.

The dispute giving rise to this appeal developed after the trial court determined that the $20,480 in U.S. Currency was contraband and subject to forfeiture within the meaning of chapter 59 of the Texas Code of Criminal Procedure. TEX. CODE CRIM. PROC. ANN. art. 59.01 et seq. (Vernon Supp.1993). Fully aware that, "under the rules of this [trial] court," the district attorney's office was required to prove that it had a "local agreement" with law enforcement agencies to dispose of contraband, *see, e.g., State v. One Thousand Dollars in U.S. Currency and One Pistol, Serial No. FC28277,* 865 S.W.2d 164 (Tex.App.—Corpus Christi, 1993), the prosecutor called a witness to testify regarding the existence of such an agreement. Stating to the prosecutor, "I don't know whether your witness is truthful or not[, but] I know your office is not," the trial court granted a recess to permit the prosecutor to bring a copy of the actual "local agreement." The prosecutor returned with a copy of the "local agreement," but the trial court rejected it on the grounds that the date indicated that it was not in existence at the time the currency was seized. The trial court then ruled that the prosecutor failed to prove the existence of a "local agreement" and ordered the currency forfeited to the State Treasury pursuant to article 59.06(a)(2) of the Texas Code of Criminal Procedure.

Article 59.05(e) of the Code states that, "If the court finds that all or any part of the property is subject to forfeiture, the judge *shall* forfeit the property to the state, with the attorney representing the state as the agent for the state." TEX. CODE CRIM. PROC. ANN. art. 59.05(e) (Vernon Supp.1993) (emphasis added). Accordingly, once the trial court determined that the currency was contraband, it had no discretion to forfeit the contraband to any entity or person other than the attorney representing the State. *State v. One Thousand Dollars in U.S. Cur-*

*rency and One Pistol, Serial No. FC28277,* 865 S.W.2d 164 (Tex.App.—Corpus Christi, 1993).

The trial court erroneously required the State to prove the existence of a "local agreement" with law enforcement agencies. The plain language of article 59.06(a) requires that "All forfeited property *shall* be administered by the attorney representing the state, acting as the agent of the state." TEX. CODE CRIM. PROC. ANN. art. 59.06(a) (Vernon Supp. 1993) (emphasis added). The "local agreement" with law enforcement agencies affects the attorney for the state's administration of the property in one of two ways. First, the attorney for the state may dispose of the property pursuant to the "local agreement." TEX. CODE CRIM. PROC. ANN. art. 59.06(a) (Vernon Supp.1993) (attorney for state administers contraband "in accordance with accepted accounting practices and *with the provisions of any local agreement entered into between the attorney representing the state and law enforcement agencies.*"). Alternatively, if the attorney for the state has not executed a "local agreement" on the 75th day after final judgment of forfeiture, the contraband must be sold by public auction by the county sheriff's office. *Id.* ("If a local agreement has not been executed, the property shall be sold on the 75th day after the date of the final judgment of forfeiture at public auction under the direction of the county sheriff, after notice of public auction as provided by law for other sheriff's sales.")

The State's sole point of error is sustained.

The judgment of the trial court is AFFIRMED as MODIFIED with instructions to forfeit the $20,480 in U.S. Currency to the Hidalgo County District Attorney's Office.

PAUL W. NYE, former C.J., not participating.