The STATE of Texas, Appellant,

v.

ONE (1) RESIDENCE LOCATED AT 1204 NORTH 12TH STREET, ALAMO, TEXAS, Legally Described as Lot 23, Veronica Ann Subdivision, An Addition to the City of Alamo, Hidalgo County, Texas, Alvaro and Diana Lopez, Appellees.

No. 13–93–252–CV.

Court of Appeals of Texas, Corpus Christi.

Aug. 24, 1995.

Rene Guerra, District and County Attorney, Edinburg, for appellant.

J.R. "Bobby" Flores, Dorina Ramos, McAllen, for appellees.

Before SEERDEN, C.J., and DORSEY and HINOJOSA, JJ.

## OPINION

SEERDEN, Chief Justice.

The State, Appellant, appeals the trial court's order denying forfeiture of property under the Contraband Forfeiture Statute, TEX.CODE CRIM.PROC.ANN. arts. 59.01–59.11 (Vernon Supp.1995). By two points of error, the State challenges the trial court's failure to forfeit Appellee's interest in the property. We reverse and remand.

Appellee, Alvaro Lopez, negotiated with an undercover police officer, Alejandro Sanchez, for the purchase of 250 pounds of marihuana. The negotiations took place in Lopez's front yard and driveway. During the negotiations, Officer Sanchez showed Lopez a sample of the marihuana for sale, and Lopez in turn, showed Officer Sanchez the money—$134,950—to be used to purchase the marihuana. Once Officer Sanchez saw the money, he gave the "bust" signal to awaiting officers. The officers moved in and arrested five men involved in the drug transaction, including Lopez.

Lopez pleaded guilty in federal court to the charge of conspiracy to possess with intent to distribute 250 pounds of marihuana. In addition, the State initiated criminal proceedings against Lopez on the charge of illegal investment of funds to purchase marihuana. The State also initiated civil forfeiture proceedings against Lopez's residence pursuant to the Contraband Forfeiture Statute, TEX.CODE CRIM.PROC.ANN. arts. 59.01–59.11 (Vernon Supp.1995).

In pursuing civil forfeiture proceedings, the State filed a petition and notice of seizure and intended forfeiture, asserting that the Lopez residence was subject to forfeiture because the property was "contraband" in that it was used, and was intended to be used, in the commission of a drug transaction. As alleged in the petition, the State sought forfeiture of the Lopez property, including both Alvaro Lopez's and his wife's interest in the property.

Subsequent to filing its petition, the State seized the Lopez property, and the trial court scheduled a hearing on the matter. At the time of the hearing, Alvaro Lopez and his wife, Diana, owned their residence—the house and lot—free and clear of any liens. Upon conclusion of the hearing, the trial court denied the State's request for forfeiture and ordered the State to return the seized property to Alvaro and Diana Lopez.

The State then filed this appeal, asserting its claim to Alvaro Lopez's interest in the property, but abandoning its claim to Diana Lopez's interest.

By point of error two, the State contends the trial court's failure to find that the Lopez property is "contraband" is against the great weight and preponderance of the evidence. The record does not contain findings of fact and conclusions of law, although it does contain the State's untimely request for such findings. In a nonjury trial, where findings of fact and conclusions of law are neither filed nor timely requested, it is implied that the trial court made all necessary findings to support its judgment. *Holt Atherton Indus., Inc. v. Heine*, 835 S.W.2d 80, 83 (Tex.1992); *Roberson v. Robinson*, 768 S.W.2d 280, 281 (Tex.1989). When, as in this case, a statement of facts is brought forward, these implied findings may be challenged by factual or legal insufficiency points the same as jury findings or a trial court's findings of fact. *Holt Atherton, Indus., Inc.*, 835 S.W.2d at 84; *Roberson*, 768 S.W.2d at 281.

In determining a factual insufficiency question—an against the great weight and preponderance question—we must consider and weigh all the evidence and should set aside the trial court's finding only if it is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. *Cain v. Bain*, 709 S.W.2d 175, 176 (Tex.1986).

Here, we must determine whether the trial court's finding that the Lopez property is not "contraband" is against the great weight and preponderance of the evidence. In resolving this question, we must first con-

sider the Contraband Forfeiture Statute, TEX.CODE CRIM.PROC.ANN. arts. 59.01–59.11 (Vernon Supp.1995). Under this statute, any property·classified as contraband is subject to seizure and forfeiture. TEX.CODE CRIM. PROC.ANN. art. 59.02(a) (Vernon Supp.1995). "Contraband" is defined as any real, personal, tangible, or intangible property that is used or intended to be used in the commission of a felony under the Texas Controlled Substances Act.[1] TEX.CODE CRIM.PROC.ANN. art. 59.01(2)(B)(i) (Vernon Supp.1995). The investment of funds to purchase 250 pounds of marihuana—as Alvaro Lopez had done in this case—constitutes a felony under the Texas Controlled Substances Act. *See* TEX. HEALTH & SAFETY CODE ANN. §§ 481.120(c), 481.121(c), 481.126(a)(1), (2) (Vernon 1992 & Supp.1995).

At the hearing, the only evidence presented addressing the issue of whether the Lopez property was "contraband," was the testimony of undercover police officer, Alejandro Sanchez. Officer Sanchez testified that he was involved with the drug transaction negotiations from beginning to end. He explained that the negotiations were held on two consecutive days in Lopez's front yard and on Lopez's driveway.

Officer Sanchez also testified that his "load" vehicle, which was supposedly carrying the marihuana for sale, was sitting on the driveway. Another vehicle carrying the $134,950.00 in cash committed to purchasing the marihuana, was also sitting on the driveway. Officer Sanchez further testified that Lopez devised a plan where Officer Sanchez would drive his "load" vehicle into Lopez's garage located at the end of the driveway. Then, Lopez would unload, weigh, and reload the marihuana, while Officer Sanchez counted his money.

Officer Sanchez's uncontroverted testimony shows that Lopez's property—his front yard, driveway, and garage—was indeed substantially connected to the drug transaction in that it was used, and was intended to be used, in the commission of the drug transaction. We conclude the trial court's finding that the Lopez property was

not "contraband" is against the great weight and preponderance of the evidence. We sustain the State's second point of error and reverse the trial court's judgment and remand the cause to the trial court. We note that the State asked us to reverse and render judgment in their favor; nonetheless, when reversing on a factual sufficiency point—the point raised by the State—we are limited to remanding the cause.

Further, we find it significant to note that "[p]roperty that is contraband is subject to seizure and forfeiture." TEX.CODE CRIM. PROC.ANN. art. 59.02(a) (Vernon Supp.1995). The mandatory language under art. 59.05(e) provides that "[i]f the court finds that all or any of the property is subject to forfeiture, the judge shall forfeit the property to the state...." TEX.CODE CRIM.PROC.ANN. art. 59.05(e) (Vernon Supp.1995); *State v. One Thousand Dollars ($1,000.00) in U.S. Currency, and One Pistol, Serial No. FC28277,* 865 S.W.2d 164, 165 (Tex.App.—Corpus Christi 1993, writ denied).

Accordingly, we REVERSE the trial court's judgment and REMAND this cause for a determination consistent with this opinion.

---

**1.** The Texas Controlled Substances Act is set forth in TEX.HEALTH & SAFETY CODE ANN. art. 481.001–481.205 (Vernon 1992 & Supp.1995).