OFFICE OF THE ATTORNEY GENERAL · STATE OF TEXAS


July 6, 1999

The Honorable B. J. Shepherd
District Attorney
220th Judicial District
P.O. Box 368
Meridian, Texas 76665

Opinion No. JC-0075

Re: Permissible methods of disposing of property forfeited to the state under chapter 59 of the Code of Criminal Procedure (RQ–0027)

Dear Mr. Shepherd:

You have asked this office whether certain methods of disposing of property forfeited to the state pursuant to chapter 59 of the Code of Criminal Procedure are permissible. Specifically, you ask whether you are required to sell a "tract of almost 50 acres of land" and a 1992 Ford Mustang by sheriff's auction, or whether you may choose another method you believe likelier to yield the greatest net proceeds. In light of the fact that the requirement of sale by sheriff's auction exists "[i]f a local agreement has not been executed," TEX. CODE CRIM. PROC. ANN. art. 59.06(a) (Vernon Supp. 1999), and that as you inform us you, the Sheriff of Bosque County, and the Department of Public Safety have entered into such an agreement, it is our view that you are not required to dispose of the property by sheriff's auction. Rather, we believe that so long as you administer the property in accordance with accepted accounting practices and with the provisions of your local agreement, you have the discretion to decide how to dispose of it most advantageously.

Article 59.06(a) of the Code of Criminal Procedure provides in relevant part:

> [A]ll forfeited property shall be administered by the attorney representing the state, acting as the agent of the state, in accordance with accepted accounting practices and with the provisions of any local agreement entered into between the attorney representing the state and law enforcement agencies. If a local agreement has not been executed, the property shall be sold on the 75th day after the date of the final judgment of forfeiture at public auction under the direction of the county sheriff, after notice of public auction as provided by law for other sheriff's sales.

TEX. CODE CRIM. PROC. ANN. art. 59.06(a) (Vernon Supp. 1999).

This office considered article 59.06(a) in Letter Opinion 97-091. In that opinion, we concluded that "[t]he intent of subsection (a) is clearly to provide that the disposition of forfeited

property will be governed by the terms of an existing local agreement in the first instance." Tex. Att'y Gen. LO-97-091, at 2. The opinion further described the sheriff's auction as a "fallback method." *Id.*

In the instant case, you have informed us that your office has entered into a local agreement with the Bosque County Sheriff and the Department of Public Safety. Letter from Honorable B. J. Shepherd, District Attorney, 220th Judicial District to James Tourtelott, Assistant Attorney General, Opinion Committee (Mar. 9, 1999) (on file with Opinion Committee). That being the case, article 59.06(a) does not require you to sell the forfeited property by sheriff's auction, but rather gives you the discretion to administer the property "in accordance with accepted accounting practices and with the provisions of any local arrangement." TEX. CODE CRIM. PROC. ANN. art. 59.06(a) (Vernon Supp. 1999).

You also express concern with the suggestion in *State v. One Thousand Dollars in U.S. Currency*, 865 S.W.2d 164, 166 (Tex. App.–Corpus Christi 1993, writ denied), that you have "seventy-five days in which to dispense with the forfeited property pursuant to the local agreement." *Id.* at 166. In your view, "such a deadline [does not] exist[] where the sale is to be made in accordance with a local agreement." Letter from Honorable B. J. Shepherd, District Attorney, 220th Judicial District, to the Opinion Committee, Office of the Attorney General 2 (Feb. 24, 1999) (on file with Opinion Committee). We concur. The issue in *State v. One Thousand Dollars*, as well as in its companion case, *State v. Twenty Thousand Four Hundred Eighty in U.S. Currency*, 865 S.W.2d 175 (Tex. App.–Corpus Christi 1993, writ denied), was whether a local agreement needed to be in place before a trial court forfeited contraband to the district attorney. In both cases, the court of appeals concluded that such an agreement did not need to be in place before property could be so forfeited. *Id.* Accordingly, the statement which concerns you is merely dicta. The seventy-day provision in article 59.06(a) refers specifically to a situation in which a local agreement has not been executed, and is therefore irrelevant here.

Further, we agree with your conclusion that property forfeited pursuant to article 59.06 is, generally, forfeited to the state, *see* TEX. CODE CRIM. PROC. ANN. art. 59.06(f) (Vernon Supp. 1999), and that consequently chapter 263 of the Local Government Code, concerning the disposition of county surplus property, does not apply here. *See* Tex. Att'y Gen. LO-97-091, at 3 ("A final judgment of forfeiture under this chapter perfects *the title of the state* to the property. . . .") (emphasis added). We note that Letter Opinion 97-091 raises, but does not answer, the question of whether those automobiles transferred to the sheriff for official use pursuant to article 59.06(b) may be subject to chapter 263. *Id.* However, given that it does not appear from your letter that such is the case with the 1992 Ford Mustang at issue here, we need not resolve that issue at this time.

We note finally that you ask us to describe any special procedures or record-keeping necessary here. We know of no special procedures required by statute. The question of what constitutes accepted accounting practices in a particular case is better addressed, in the first instance, by the relevant county auditor.

## S U M M A R Y

Given that the District Attorney for the 220th Judicial District has executed a local agreement with the Bosque County Sheriff and the Department of Public Safety, article 59.06(a) of the Code of Criminal Procedure does not require the sale of the property forfeited pursuant to chapter 59 of that code to be conducted by sheriff's auction.

Yours very truly,

JOHN CORNYN
Attorney General of Texas

ANDY TAYLOR
First Assistant Attorney General

CLARK KENT ERVIN
Deputy Attorney General - General Counsel

ELIZABETH ROBINSON
Chair, Opinion Committee

Prepared by James E. Tourtelott
Assistant Attorney General