

## ATTORNEY GENERAL OF TEXAS

### GREG ABBOTT

November 18, 2003

Mr. Antonio R. Sandoval
Hidalgo County Auditor
P.O. Box 689
Edinburg, Texas 78540-0689

Opinion No. GA-0122

Re: District attorney's obligations as administrator of forfeited real property (RQ-0059-GA)

Dear Mr. Sandoval:

You ask several questions about a district attorney's responsibilities to administer real property that the district court forfeited to the state as contraband under chapter 59 of the Code of Criminal Procedure.[1]

An investigation by the Texas Department of Public Safety ("DPS") Narcotics Service led to the arrest of Javier Barrera and the seizure of approximately 15,000 pounds of marijuana.[2] In 1996, the Hidalgo County criminal district attorney sought forfeiture of a residence and approximately 34 acres of land owned by Barrera and others, simultaneously filing a notice of *lis pendens* with the Hidalgo County clerk's office.[3] In April 1997, the district court rendered a judgment (1) forfeiting the property to the criminal district attorney and DPS according to the terms of their local agreement, and (2) transferring title to the criminal district attorney as agent for the state.[4] The criminal district attorney obtained quitclaim deeds from other nominal owners

---

[1]*See* Brief from Antonio R. Sandoval, Hidalgo County Auditor, to Nancy Fuller, Chair, Opinion Committee, Office of Attorney General (May 23, 2003) (on file with Opinion Committee) [hereinafter Request Brief].

[2]*See* Brief from Honorable Rene Guerra, Hidalgo County Criminal District Attorney, to Nancy Fuller, Chair, Opinion Committee, Office of Attorney General, at 1 (July 7, 2003) (on file with Opinion Committee) [hereinafter DA Brief].

[3]*See id.*; *see also* Request Brief, *supra* note 1, at 1.

[4]*See* DA Brief, *supra* note 2, at 2. In 1994, as contemplated by article 59.06, the Hidalgo County criminal district attorney and DPS entered into a local agreement governing the disposition of forfeited property. *See* Request Brief, *supra* note 1, at 1; *see generally* TEX. CODE CRIM. PROC. ANN. § 59.06(a)-(c) (Vernon Supp. 2004) (providing for the administration and disposition of forfeited property pursuant to an agreement between the attorney representing the state and law enforcement agencies). A "law enforcement agency," one of the parties to a local agreement under article 59.06, is defined as "an agency of the state or an agency of a political subdivision of the state authorized by law to employ peace officers." TEX. CODE CRIM. PROC. ANN. § 59.01(5) (Vernon Supp. 2004).

during the year 2000.[5]  On January 3, 2001, the criminal district attorney leased the land to an adjoining landowner for $100 per month to pasture goats, terminable upon 30-days notice.[6]

Under chapter 59 of the Code of Criminal Procedure, property used to commit certain enumerated offenses, the proceeds of such offenses, or property acquired with such proceeds is contraband subject to forfeiture. *See* TEX. CODE CRIM. PROC. ANN. art. 59.01(2) (Vernon Supp. 2004).[7]  Contraband may be "property of any nature," including real property. *Id.*  When the district court determines that property is contraband subject to forfeiture, the court must forfeit the property to the state. *See id.* art. 59.05(e).  A final judgment of forfeiture vests the property's title in the state. *See id.* art. 59.06(f) (providing for the perfection of title to forfeited property in the state).  However, the trial court may not forfeit property directly to the state or the state treasury. *See Twenty-Four Thousand One Hundred and Eighty ($24,180.00) Dollars in United States Currency v. State*, 865 S.W.2d 181, 185 (Tex. App.–Corpus Christi 1993, writ denied). Rather, the district court must forfeit contraband property to the attorney representing the state as the state's agent. *See id.*; *see also* TEX. CODE CRIM. PROC. ANN. arts. 59.05(e) (Vernon Supp. 2004) ("the court shall order the property forfeited to the state with the attorney representing the state acting as the agent of the state"), 59.01(a)[8] (defining "attorney representing the state" as "the prosecutor with felony jurisdiction in the county in which a forfeiture proceeding is held," certain city attorneys, and the attorney general).  The attorney representing the state has the duty, "[o]n final judgment of forfeiture, . . . [to] dispose of the property in the manner required by Article 59.06 of this code." TEX. CODE CRIM. PROC. ANN. art. 59.05(e) (Vernon Supp. 2004).

Article 59.06 sets forth the duties of the attorney representing the state to administer and dispose of forfeited property.  Under article 59.06(a), the attorney must administer "all forfeited property . . . , acting as the agent of the state, in accordance with accepted accounting practices and with the provisions of any local agreement entered into between the attorney representing the state and law enforcement agencies." *Id.* art. 59.06(a).  Other provisions of article 59.06 direct the attorney to dispose of forfeited property or proceeds in various ways, depending primarily on whether the attorney has a local agreement with a law enforcement agency concerning the disposition of forfeited property. *Id.* art. 59.06(a)-(c).

When the attorney representing the state has not executed a local agreement under article 59.06, generally the forfeited property must be sold by sheriff's sale, certain payments and costs

---

[5]*See* DA Brief, *supra* note 2, at 2.

[6]*See id.*; Request Brief, *supra* note 1 (Exhibit C - "Lease Agreement").

[7]*Amended by* Act of May 30, 2003, 78th Leg., R.S., ch. 1005, § 7, 2003 Tex. Sess. Law Serv. 2944, 2945-46 (House Bill 236); Act of May 30, 2003, 78th Leg., R.S., ch. 257, § 17, 2003 Tex. Sess. Law Serv. 1163, 1169-70 (House Bill 1743); Act of May 28, 2003, 78th Leg., R.S., ch. 649, § 3, 2003 Tex. Sess. Law Serv. 2053, 2055 (House Bill 2138); Act of June 1, 2003, 78th Leg., R.S., ch. 198, § 2.141, 2003 Tex. Sess. Law Serv. 611, 705-06 (House Bill 2292).

[8]As amended by Act of May 30, 2003, 78th Leg., R.S., ch. 257, § 17, 2003 Tex. Sess. Law Serv. 1163, 1169-70 (House Bill 1743); Act of June 1, 2003, 78th Leg., R.S., ch. 198, § 2.141, 2003 Tex. Sess. Law Serv. 611, 705-06 (House Bill 2292).

must be deducted from the proceeds, and the balance must be deposited in the general revenue fund of the state treasury. *Id.* art. 59.06(a)(1)-(2).[9] If the attorney has entered into a local agreement with a law enforcement agency, however, the attorney has two principal options. The attorney may convey forfeited property to the law enforcement agency, which may "maintain, repair, use, and operate the property for official purposes." *Id.* art. 59.06(b). Alternatively, pursuant to the local agreement, the attorney shall, after deducting certain costs, deposit "all money, securities, negotiable instruments, stocks or bonds, or things of value, or proceeds from the sale of those items" into special funds to benefit the attorney's office and the appropriate law enforcement agency, to be used solely for official purposes. *Id.* art. 59.06(c)(1)-(4).

Several of your questions concern the authority and duties of an attorney representing the state to hold and dispose of forfeited real property under chapter 59. Specifically, you ask:

> Does [the local agreement between the Hidalgo County criminal district attorney's office and DPS] satisfy the provisions of Article 59.06(a) of the Code of Criminal Procedure, in that the District Attorney does not have to sell the [forfeited] property on the 75th day after the date of the final judgment of forfeiture of this property?

> Is the District Attorney authorized to lease the aforementioned [forfeited] property?

> . . . .

> Is the District Attorney in compliance with the state statu[t]es by holding the property for ". . . law enforcement . . ." before selling the property and distributing the proceeds as agreed to in the Local Agreement (Exhibit A)? If the answer to this question is yes, is there a maximum amount of time the property can be held?

Request Brief, *supra* note 1, at 2. The local agreement between DPS and the criminal district attorney of Hidalgo County provides generally for the disposition of forfeited property, 30 percent to the criminal district attorney's office and 70 percent to DPS, for their respective official purposes. *See id.* (Exhibit A - "Local Agreement"). The local agreement does not detail the methods the criminal district attorney may choose, as attorney representing the state, to administer and dispose of forfeited real property.

---

[9]Income and other property obtained due to media reenactment of a crime or to the sale of property that has increased in value due to a crime's notoriety must be transferred to the attorney general for a crime victim's fund. *See* TEX. CODE CRIM. PROC. ANN. § 59.06(k)(1)-(3) (Vernon Supp. 2004), *amended by* Act of May 28, 2003, 78th Leg., R.S., ch. 428, § 2, 2003 Tex. Sess. Law Serv. 1673, 1673 (House Bill 406). Certain property or proceeds must be paid to the Health and Human Services Commission "to the extent necessary to protect the commission's ability to recover amounts wrongfully obtained by the owner of the property and associated damages and penalties to which the commission may otherwise be entitled by law." *Added by* Act of June 1, 2003, 78th Leg., R.S., ch. 198, § 2.142, 2003 Tex. Sess. Law Serv. 611, 706 (House Bill 2292); Act of May 28, 2003, 78th Leg., R.S., ch. 257, § 18, 2003 Tex. Sess. Law Serv. 1163, 1170 (House Bill 1743) (to be codified at TEX. CODE CRIM. PROC. ANN. art. 59.06(p)).

In your first question, you are concerned that the local agreement does not comport with article 59.06(a) because it does not require the attorney representing the state to dispose of forfeited property within 75 days of judgment. Article 59.06(a) provides, in pertinent part:

> [A]ll forfeited property shall be administered by the attorney representing the state, acting as the agent of the state, in accordance with accepted accounting practices and with the provisions of any local agreement entered into between the attorney representing the state and law enforcement agencies. If a local agreement has not been executed, the property shall be sold on the 75th day after the date of the final judgment of forfeiture at public auction under the direction of the county sheriff, after notice of public auction as provided by law for other sheriff's sales.

TEX. CODE CRIM. PROC. ANN. art. 59.06(a) (Vernon Supp. 2004). By its terms, article 59.06(a) requires a sheriff's auction within 75 days of judgment only "[i]f a local agreement has not been executed." Id.[10]

Under article 59.06(a)'s plain language, the 75-day auction requirement is a default provision applicable only in the absence of a local agreement. See Tex. Att'y Gen. LO-97-091, at 2 (describing sheriff's sale in 59.06(a) as the "fallback" method of disposing property not subject to a local agreement). Chapter 59 does not contain a comparable provision for forfeited property subject to a local agreement. When such a local agreement exists, the attorney representing the state has discretion to administer property "in accordance with accepted accounting practices and with the provisions of any local agreement." TEX. CODE CRIM. PROC. ANN. art. 59.06(a) (Vernon Supp. 2004); see Tex. Att'y Gen. Op. No. JC-0075 (1999) at 1 (advising that "so long as you administer the property in accordance with accepted accounting practices and with the provisions of your local agreement, you have the discretion to decide how to dispose of it most advantageously").

While no statute prescribes a deadline for disposing of forfeited property subject to a local agreement, it does not follow that the attorney representing the state may hold forfeited property in perpetuity. Unlike law enforcement agencies, the office of an attorney representing the state is not authorized under chapter 59 "to maintain, repair, use, and operate" forfeited property for the office's own uses. TEX. CODE CRIM. PROC. ANN. art. 59.06(b) (Vernon Supp. 2004). Article 59.05(e) mandates that the attorney "dispose of the property in the manner required by Article 59.06." Id. art. 59.05(e); see also Tex. Att'y Gen. Op. No. GA-0005 (2002) at 2 ("The duty of the attorney for the state is to 'dispose of the property in the manner required

---

[10]Despite article 59.06(a)'s clear terms, language in one court's opinion suggests that the 75-day deadline applies even when forfeited property is subject to a local agreement. See State v. One Thousand Dollars ($1,000.00) in United States Currency and One Pistol, Serial No. FC28277, 865 S.W.2d 164, 166 (Tex. App.-Corpus Christi 1993, writ denied). In One Thousand Dollars, the primary issue was whether a local agreement must be executed prior to the forfeiture judgment to be effective. See id. at 165-66. While discussing that issue, the opinion suggests that the 75-day requirement applies regardless of the existence of a local agreement. See id. This office has considered the court's statements to that effect in One Thousand Dollars, and concluded that they were dicta. See Tex. Att'y Gen. Op. No. JC-0075 (1999) at 2.

by Article 59.06 of this code.'"). The attorney's express duties under article 59.06 include only the duties to (1) administer forfeited property "in accordance with accepted accounting practices and with the provisions of any local agreement," and to (2) dispose and distribute such property or proceeds for various specified purposes. TEX. CODE CRIM. PROC. ANN. art. 59.06(a)-(c) (Vernon Supp. 2004). While the code does not define the scope of the attorney's authority to administer forfeited property, such administration must comport with the attorney's express statutory duties to ultimately dispose of property by sale or transfer and appropriately account for and distribute any proceeds. *See id.* arts. 59.05(e); 59.06(b), (c), (g). Taken as a whole, chapter 59 authorizes the attorney representing the state to hold forfeited property only to administer it for ultimate disposition by sale or transfer.

Thus, the controlling question is whether the authority to lease forfeited property may be derived from the attorney's authority to administer it under article 59.06(a). Article 59.06 does not preclude an attorney administering forfeited property from leasing it. But in light of the attorney's duties stated in 59.06, a lease of forfeited property must serve some administrative purpose, conform to the terms of any applicable local agreement, and comport with the ultimate goal of disposing of the forfeited property. Whether article 59.06 would authorize a particular lease depends on the lease's terms and circumstances. Pertinent considerations would include whether leasing the property facilitates its administration, whether the terms of the lease comport with an eventual sale or transfer of the property, and similar considerations. For example, the criminal district attorney asserts that the property was leased to "clear the property of underbrush and growth" and "secure the property from potential trespassers."[11] From that statement, an argument might be made that leasing the property serves the administrative purpose of securing and protecting the property. However, whether article 59.06 authorizes this particular lease requires investigating and resolving fact questions beyond the scope of the opinion process. *See* Tex. Att'y Gen. Op. No. GA-0003 (2002) at 1 (stating that the opinion process does not determine facts).

You next ask whether the criminal district attorney may lease forfeited property without first seeking approval from the Hidalgo County commissioners court or the state or without following competitive bidding procedures such as those in chapter 263 of the Local Government Code.[12] As noted previously, the attorney representing the state holds forfeited property as an agent for the state. Property administered by the attorney for the state, prior to any disposition under article 59.06, is state property. *See* TEX. CODE CRIM. PROC. ANN. art. 59.06(f) (Vernon

---

[11]DA Brief, *supra* note 2, at 3.

[12]Specifically, you ask:

> Was the District Attorney required to seek approval of the Hidalgo County Commissioner[s] Court (the governing board of Hidalgo County) or the State of Texas, since he is considered a state employee, prior to entering into the lease agreement . . . ?

> Did the District Attorney violate the bidding laws of the [S]tate of Texas by not requesting sealed bids on the leasing of the property . . . , more specifically [Local Government Code section] 263.001–Sale or Lease of Real Property?

Request Brief, *supra* note 1, at 2.

Supp. 2004). Such property would not be county property subject to the commissioners court's jurisdiction. *See* Tex. Att'y Gen. LO-97-091, at 3 (property forfeited to the state is not county property subject to sale by the commissioners court). Moreover, article 59.06(a) largely leaves the means of administering forfeited property to the discretion of the attorney representing the state, subject to the terms of any applicable local agreement. *See* TEX. CODE CRIM. PROC. ANN. art. 59.06(a) (Vernon Supp. 2004). If the attorney representing the state has the administrative authority to lease forfeited property under 59.06(a), as discussed above, then nothing in chapter 59 requires the attorney to first obtain approval from either the county commissioners court or the state.

Chapter 263 of the Local Government Code provides generally for leasing county property by competitive procedures. *See* TEX. LOC. GOV'T CODE ANN. §§ 263.001, 263.007 (Vernon 1999 & Supp. 2004). However, property forfeited to the state and administered under article 59.06(a) of the Code of Criminal Procedure is state, not county property. Consequently, county bidding requirements in chapter 263 of the Local Government Code would not apply to a lease of forfeited property while it is administered under article 59.06(a). *See* Tex. Att'y Gen. LO-97-091, at 3 (determining that property forfeited to the state is not subject to statutes concerning county surplus or salvage property under 263.152 of the Local Government Code). You have not identified a comparable state property bidding requirement that would apply to a lease of forfeited real property while it is administered under chapter 59, nor have we located such a requirement. Thus, an attorney administering property under article 59.06(a) of the Code of Criminal Procedure may lease it without being subject to competitive bidding requirements. *See* Tex. Att'y Gen. Op. No. JC-0075 (1999) at 1-2 (advising that an attorney representing the state has discretion to administer the property in accordance with accepted accounting practices and with the provisions of the applicable local agreement).

Finally, you ask whether the District Attorney was "required to remove the property from the tax rolls since the property now belonged to the [S]tate of Texas?"[13] You note that ad valorem taxes continue to be assessed against the property, currently amounting to $30,000.[14]

Pursuant to article 59.06(f), title to forfeited real property vests in the state upon filing the *lis pendens* notice. Such property is state property, and state property "used for public purposes" is tax exempt under section 11.11 of the Tax Code. TEX. TAX CODE ANN. § 11.11(a) (Vernon Supp. 2004) ("property owned by this state or a political subdivision of this state is exempt from taxation if the property is used for public purposes"). A tax exemption under section 11.11 does not require an application for exemption to be effective. *See id.* § 11.43(a) ("To receive an exemption, a person claiming the exemption, other than an exemption authorized by Section 11.11 . . . of this code, must apply for the exemption."). Consequently, assuming that forfeited property is tax exempt, the attorney representing the state does not have to apply for an exemption for it to be effective.

---

[13]*Id.*

[14]*Id.*

This office has previously considered whether, as a general principle, forfeited property held for disposition under article 59.06 is exempt from property taxes. *See generally* Tex. Att'y Gen. Op. No. DM-187 (1992). We noted that in an analogous situation courts have determined that property obtained by tax foreclosures or tax sales and held for resale constitutes a public purpose, and therefore such property is tax exempt. *See id.* at 4 (citing *State v. City of San Antonio*, 209 S.W.2d 756 (Tex. 1948); *State v. Moak*, 207 S.W.2d 894 (Tex. 1948); *City of Austin v. Sheppard*, 190 S.W.2d 486 (Tex. 1945); *Eason v. David*, 232 S.W.2d 427 (Tex. Civ. App.–Beaumont 1950, writ ref'd n.r.e.); *Lubbock Indep. Sch. Dist. v. Owens*, 217 S.W.2d 186 (Tex. Civ. App.–Amarillo 1948, writ ref'd)). We concluded that "property forfeited to the state pursuant to chapter 59 of the Code of Criminal Procedure is exempt from ad valorem taxation so long as the property is used for public, as opposed to private, purposes." Tex. Att'y Gen. Op. No. DM-187 (1992) at 5; *accord* Tex. Att'y Gen. Op. No. GA-0026 (2003) at 3 (foreclosed properties held by the Veterans Land Board pending resale are exempt from ad valorem property taxes).

Whether forfeited property that has been leased during its administration under article 59.06(a) is used for public, as opposed to private, purposes depends on resolving fact issues such as whether leasing the property facilitates administering the property in anticipation of disposition, as discussed previously. *See* TEX. TAX CODE ANN. § 11.11(d) (Vernon Supp. 2004); *see also* Tex. Att'y Gen. Op. No. JC-0571 (2002) at 1 (stating that whether the use of land leased from a hospital authority satisfies the exclusive public use requirement would necessarily involve investigation and resolution of facts). Such a factual determination is beyond the purview of the opinion process. *See* Tex. Att'y Gen. Op. No. GA-0003 (2002) at 1 (stating that the opinion process does not determine facts).

## S U M M A R Y

An attorney representing the state must administer property forfeited under chapter 59 of the Code of Criminal Procedure consistent with accepted accounting practices and with the terms of any local agreement with a law enforcement agency. Forfeited property subject to a local agreement must ultimately be disposed of by sale or transfer of the property to a law enforcement agency, but there is no statutory deadline for the disposition. There is no statutory deadline for disposing of forfeited property subject to a local agreement.

An attorney representing the state may lease forfeited property only if the lease is consistent with the local agreement and with the attorney's statutory duties to ultimately dispose of property by transfer or sale and to distribute any proceeds under article 59.06 of the code. Forfeited property subject to administration under article 59.06(a) of the code is state property. The attorney representing the state need not obtain approval from the county commissioners court or the state to execute a lease within the attorney's authority to administer forfeited property under article 59.06(a). Statutory bidding requirements do not apply to such an attorney's authority to administer forfeited property. To the extent forfeited property is exempt from ad valorem taxation, the attorney representing the state need not apply for an exemption for it to be effective.

Very truly yours,

GREG ABBOTT
Attorney General of Texas


BARRY R. MCBEE
First Assistant Attorney General

DON R. WILLETT
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

William A. Hill
Assistant Attorney General, Opinion Committee