

## ATTORNEY GENERAL OF TEXAS

### GREG ABBOTT

October 13, 2004

The Honorable Charles A. Rosenthal Jr.
Harris County District Attorney
1201 Franklin Street, Suite 600
Houston, Texas 77002

Opinion No. GA-0259

Re: Whether the attorney representing the state under chapter 59 of the Code of Criminal Procedure may transfer forfeited property to the attorney's own office (RQ-0211-GA)

Dear Mr. Rosenthal:

You ask two questions concerning forfeiture proceedings: first, whether chapter 59 of the Code of Criminal Procedure authorizes the attorney representing the state to transfer forfeited property to the attorney's own office if the transfer accords with accepted accounting practices and the terms of a local agreement with the seizing law enforcement agencies; and second, whether a district attorney's office is a "law enforcement agency" that, under chapter 59 of the Code of Criminal Procedure, may receive a transfer of forfeited property.[1]

You state that law enforcement officers in Harris County, including peace officers of the district attorney's office, seize property such as vehicles, furniture, jewelry, and computer equipment, which a court then may order forfeited as contraband under Chapter 59 of the Code of Criminal Procedure. *See* Request Letter, *supra* note 1, at 1; Brief, *supra* note 1, at 3. The district attorney's office has a local agreement with certain law enforcement agencies that, among other things, provides that "[t]hree out of every ten motor vehicles shall be forfeited to the District Attorney for official use and operation, unless expressly waived by the District Attorney's Office." Brief, *supra* note 1, at 5.

Under chapter 59 of the Code of Criminal Procedure, a peace officer may seize certain property as contraband subject to forfeiture. *See* TEX. CODE CRIM. PROC. ANN. arts. 59.01(2), 59.03 (Vernon Supp. 2004-05). If a district court determines after a hearing that property is contraband subject to forfeiture, the court must "forfeit the property to the state, with the attorney representing the state acting as the agent of the state." *Id.* art. 59.05(e). The "attorney representing the state" in chapter 59 is defined as "the prosecutor with felony jurisdiction in the county in which a forfeiture proceeding is held," certain city attorneys, and the attorney general. *Id.* art. 59.01(a). The attorney

[1]*See* Letter from Honorable Charles A. Rosenthal Jr., Harris County District Attorney, to Honorable Greg Abbott, Texas Attorney General (Apr. 12, 2004) (on file with Opinion Committee, *also available at* www.oag.state.tx.us) [hereinafter Request Letter]; Brief attached to Request Letter, at 1 [hereinafter Brief].

representing the state has the duty, "[o]n final judgment of forfeiture, . . . [to] dispose of the property in the manner required by Article 59.06 of this code." *Id.* art. 59.05(e).

The focus of your inquiry is article 59.06, which governs the disposition of forfeited property. Article 59.06(a) requires the attorney representing the state to administer "all forfeited property . . . , acting as the agent of the state, in accordance with accepted accounting practices and with the provisions of any local agreement entered into between the attorney representing the state and law enforcement agencies." *Id.* art. 59.06(a). The existence of a local agreement with a law enforcement agency primarily determines how the attorney representing the state may proceed with disposition of the property. *See State v. Twenty Thousand Four Hundred Eighty ($20,480) Dollars in U.S. Currency*, 865 S.W.2d 175, 176 (Tex. App.–Corpus Christi 1993, writ denied). Without a local agreement, article 59.06(a) generally requires the property to be sold at public auction, and after deducting certain payments and costs, the proceeds are to be deposited in the general revenue fund of the state treasury. TEX. CODE CRIM. PROC. ANN. art. 59.06(a)(2) (Vernon Supp. 2004-05).

When an attorney representing the state has executed a local agreement with a law enforcement agency, the attorney has two principal options, as this office recently explained:

> The attorney may convey forfeited property to the law enforcement agency, which may "maintain, repair, use, and operate the property for official purposes." *Id.* art. 59.06(b). Alternatively, pursuant to the local agreement, the attorney shall, after deducting certain costs, deposit "all money, securities, negotiable instruments, stocks or bonds, or things of value, or proceeds from the sale of those items" into special funds to benefit the attorney's office and the appropriate law enforcement agency, to be used solely for official purposes. *Id.* art. 59.06(c)(1)-(4).

Tex. Att'y Gen. Op. No. GA-0122 (2003) at 3.

You ask whether the attorney representing the state has a third principal option, namely, whether chapter 59 authorizes the attorney representing the state to transfer property to the attorney's own office if the local agreement between the attorney and a law enforcement agency so provides. *See* Request Letter, *supra* note 1, at 1; Brief, *supra* note 1, at 1. You suggest that article 59.06 may be construed to that effect for several reasons. First, the statute does not expressly prohibit the attorney representing the state to transfer property to the attorney's office. *See* Brief, *supra* note 1, at 1. Second, you contend that because subsection (b) states that the attorney "may" transfer property to a law enforcement agency, the use of the word "may" indicates that the attorney has other options, which could include transferring property to the attorney's office. *See* Brief, *supra* note 1, at 3-4; TEX. CODE CRIM. PROC. ANN. art. 59.06(b) (Vernon Supp. 2004-05). Finally, you suggest that subsection (g)(1) seems to recognize that an attorney will receive property because the statute provides that "[a]ll law enforcement agencies and attorneys representing the state who receive proceeds or property . . . shall account for the seizure, forfeiture, receipt, and specific expenditure of all such proceeds and property in an audit[.]" TEX. CODE CRIM. PROC. ANN. art. 59.06(g)(1) (Vernon Supp. 2004-05); Brief, *supra* note 1, at 4.

In construing article 59.06, we consider the statute as a whole. *See Helena Chem. Co. v. Wilkins*, 47 S.W.3d 486, 493 (Tex. 2001). Article 59.06 expressly authorizes an attorney representing the state to (1) transfer property to a law enforcement agency, and (2) to deposit proceeds into accounts maintained for the benefit of the attorney representing the state and for law enforcement agencies. *See* TEX. CODE CRIM. PROC. ANN. art. 59.06(b)-(c) (Vernon Supp. 2004-05). The statute is otherwise silent with respect to the authority of an attorney representing the state to transfer property. *See id.* Such silence is significant because, under the constitution, the legislature regulates and prescribes the respective duties of county and district attorneys. *See* TEX. CONST. art. V, § 21; *Garcia v. Laughlin*, 285 S.W.2d 191, 194 (Tex. 1955). Accordingly, this office has concluded that a district attorney has only those powers that have been delegated by the legislature. *See* Tex. Att'y Gen. Op. No. JC-0395 (2001) at 2-3. Moreover, under article 59.06, the duties of the attorney representing the state are expressly administrative. *See* TEX. CODE CRIM. PROC. ANN. art. 59.06 (Vernon Supp. 2004-05). Generally, administrative agencies "may exercise only those powers the law confers upon them in clear and express statutory language and those reasonably necessary to fulfill a function or perform a duty that the Legislature has expressly placed with the agency." *In re Entergy Corp.*, 142 S.W.3d 316, 322 (Tex. 2004); *see also Subaru of Am., Inc. v. David McDavid Nissan*, 84 S.W.3d 212, 220 (Tex. 2002). We believe that a court would apply similar principles when construing article 59.06, so that an attorney representing the state will be determined to possess only those powers expressly stated therein or necessarily implied.

Under article 59.06, the existence of a local agreement is the controlling factor that determines the authority of an attorney representing the state in administering forfeited property. *See* TEX. CODE CRIM. PROC. ANN. art. 59.06 (Vernon Supp. 2004-05). This office has emphasized that subsection (a) intends that "'the disposition of forfeited property will be governed by the terms of an existing local agreement in the first instance.'" Tex. Att'y Gen. Op. No. GA-0005 (2002) at 2 (quoting LO-97-091, at 2); *see also* Tex. Att'y Gen. Op. Nos. GA-0122 (2003) at 1 n.4; JC-0075 (1999) at 1-2. However, a local agreement cannot expand the authority of the attorney representing the state beyond the powers authorized in article 59.06. The statute is quite specific that an attorney representing the state may transfer property to a law enforcement agency pursuant to a local agreement and does not authorize transfers to any other entity. *See* TEX. CODE CRIM. PROC. ANN. art. 59.06(b)-(c) (Vernon Supp. 2004-05).

Article 59.06(b), which provides that an attorney representing the state "may" transfer property to a law enforcement agency, does not vest unlimited discretion in the attorney representing the state. You suggest that the use of "may" is permissive so that the attorney representing the state has discretion not to transfer property to a law enforcement agency and may instead transfer property as the local agreement provides. The word "may" in a statute generally "creates discretionary authority or grants permission or a power." TEX. GOV'T CODE ANN. § 311.016(1) (Vernon 1998). In context, article 59.06(b) grants a district attorney the authority pursuant to a local agreement to transfer property to a law enforcement agency only. The attorney representing the state has discretion concerning the *method* of disposing or liquidating property, as this office recognized when it advised an attorney that "as long as you administer the property in accordance with accepted accounting practices and the provisions of your local agreement, you have the discretion to decide how to dispose of it most advantageously." Tex. Att'y Gen. Op. No. JC-0075 (1999) at 1. However,

under article 59.06 as written and as construed in JC-0075, an attorney representing the state does not have discretion to decide in the first instance *who* is eligible to receive forfeited property.

You interpret subsection (g)(1) as implicitly recognizing the right of an attorney representing the state to receive property because it states:

> All law enforcement agencies and attorneys representing the state who receive proceeds or property under this chapter shall account for the seizure, forfeiture, receipt, and specific expenditure of all such proceeds and property in an audit[.]

TEX. CODE CRIM. PROC. ANN. art. 59.06(g)(1) (Vernon Supp. 2004-05); *see also id.* art. 59.06(*l*) (stating reporting requirements for a law enforcement agency or attorney representing the state who does not receive "proceeds or property" during a certain time). However, by referencing to these reporting requirements collectively, the statute does not necessarily imply that the attorney representing the state is authorized to receive forfeited property or to transfer property to the attorney's own office. The answer to that question depends on whether the office of an attorney representing the state is a "law enforcement agency" entitled to receive forfeited property under article 59.06(b).

Article 59.01(5) of the Code of Criminal Procedure defines a "law enforcement agency" as "an agency of the state or an agency of a political subdivision of the state authorized by law to employ peace officers." TEX. CODE CRIM. PROC. ANN. art. 59.01(5) (Vernon Supp. 2004-05). Prosecuting attorneys are authorized to employ investigators. *See* TEX. GOV'T CODE ANN. § 41.102(a) (Vernon 2004). Under the Code of Criminal Procedure, a district attorney's investigators are included in the definition of a peace officer. *See* TEX. CODE CRIM. PROC. ANN. art. 2.12(5) (Vernon Supp. 2004-05). Accordingly, a district attorney is authorized to employ peace officers.

Statutorily-defined words and phrases must be construed according to their statutory definition. *See* TEX. GOV'T CODE ANN. § 311.011(b) (Vernon 1998). Consequently, under article 59.06(b), the attorney representing the state may transfer forfeited property to a "law enforcement agency" which, as defined in 59.01(5), includes the office of the district attorney. TEX. CODE CRIM. PROC. ANN. arts. 59.01(5), 59.06(b) (Vernon Supp. 2004-05).

Furthermore, in construing a statute, we may consider former statutory provisions on the same or similar subject, administrative interpretation, circumstances under which a statute was enacted, and the statute's legislative history, among other matters. *See* TEX. GOV'T CODE ANN. § 311.023 (Vernon 1998). Prior to the enactment of chapter 59, the Controlled Substances Act provided that a court could forfeit property to the state or an agency of the state or to a political subdivision of the state authorized by law to employ peace officers, and authorized an office of a political subdivision of the state authorized to employ peace officers to use such property for official purposes. *See* Act of May 18, 1989, 71st Leg., R.S., ch. 678, 1989 Tex. Gen. Laws 2230 (enacting Health and Safety Code), *amended by* Act of July 19, 1989, 71st Leg., 1st C.S., ch. 12, §§ 5-6, 1989 Tex. Gen. Laws 14, 20-21. In Attorney General Opinion JM-812, this office determined that because

district attorneys are authorized to employ peace officers, the court could render a judgment under the Controlled Substances Act forfeiting the property to the district attorney. *See* Tex. Att'y Gen. Op. No. JM-812 (1987) at 1-2.

House Bill 65 from the Seventy-first Legislature, First Called Session, enacted chapter 59 of the Code of Criminal Procedure. *See* Act of July 19, 1989, 71st Leg., 1st C.S., ch. 12, 1989 Tex. Gen. Laws 14. House Bill 65 created two important innovations to the forfeiture laws. First, it established the administrative function of the attorney representing the state, who must administer forfeited property as an agent for the state. Second, it authorizes the attorney representing the state and law enforcement agencies to execute a local agreement concerning disposition of property and proceeds. According to the fiscal note, in some respects the disposition of forfeited property would remain the same under House Bill 65:

> If there is a local agreement, disposition of forfeited property will be handled, *as it is currently*, with state and local agencies dividing the forfeited property among their agencies for use in enforcement and *prosecution* activities.

FISCAL NOTE, Tex. H.B. 65, 71th Leg., 1st C.S. (1989) (emphasis added). As opinion JM-812 suggests, the practice at the time House Bill 65 was enacted included forfeiture of property for use by the district attorney for official purposes.

We must assume that the legislature understood in 1989 that when it defined a "law enforcement agency" in article 59.01 as an agency of the state or a political subdivision authorized to employ peace officers, it included the office of a district attorney, who may also be the "attorney representing the state." We must also assume that the legislature was aware of this office's construction of similar language in the Controlled Substances Act as permitting forfeiture of confiscated property to a district attorney's office. *See Slater v. Ellis County Levee Improvement Dist. No. 9*, 36 S.W.2d 1014, 1017 (Tex. 1931) (it is presumed when a statute is enacted with terms similar to former law that has been construed, the terms in the new statute will receive the same construction). That aspect of forfeiture was not intended to change, as recognized in the fiscal note. Consequently, we conclude that under article 59.06 of the Code of Criminal Procedure, the attorney representing the state, if the local agreement so provides, may transfer forfeited property to the attorney's office to maintain and use for official purposes.

## S U M M A R Y

Article 59.06 of the Code of Criminal Procedure authorizes an attorney representing the state to transfer forfeited property to "law enforcement agencies" as defined in article 59.01(5). In article 59.06(b), the office of an attorney representing the state is a "law enforcement agency" that may receive forfeited property from the attorney representing the state.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

BARRY R. MCBEE
First Assistant Attorney General

DON R. WILLETT
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

William A. Hill
Assistant Attorney General, Opinion Committee