April 23, 2012

The Honorable Mark A. Marshall
McCulloch County Attorney
105 North Church
Brady, Texas 76825

Opinion No. GA-0920

Re: Approval of expenditures from asset forfeiture
fund of a district attorney (RQ-1004-GA)

Dear Mr. Marshall:

You ask three questions about how the district attorney for the 198th Judicial District (the "DA") may comply with two statutes, article 59.06 of the Code of Criminal Procedure and section 24.377 of the Government Code.[1] Article 59.06 prohibits "an attorney representing the state" from using "proceeds or property received under [chapter 59]" to "make any expenditure not approved by the commissioners court . . . if the . . . attorney representing the state holds an elective office" and either did not file for reelection or ran for reelection and lost. TEX. CODE CRIM. PROC. ANN. art. 59.06(d-1)(6)(A)–(B) (West Supp. 2011). Section 24.377 provides that, in "addition to the requirements under [article 59.06, the DA] may use proceeds from the sale of forfeited property . . . only on the approval of . . . the commissioners court of each county in the judicial district" or a "regional review committee composed of [three county officials]." TEX. GOV'T CODE ANN. § 24.377(c)(1)–(2) (West Supp. 2011). You explain that a regional review committee approved the DA's proposed use of the forfeiture fund on September 20, 2011, and that he intended not to file for reelection before the filing deadline, which, you tell us, was December 12, 2011. *See* Request Letter.

Your first question is whether "expenditures can be made from the DA's asset forfeiture fund after December 12, 2011 when those expenditures were from the budget previously approved by the regional review committee on September 20, 2011[.]" *Id.* This question describes an approval process that section 24.377 expressly authorizes, one in "addition to" the article 59.06 process. TEX. GOV'T CODE ANN. § 24.377(c)(2) (West Supp. 2011). Therefore, under the plain language of section 24.377 of the Government Code, expenditures can be made from the DA's asset forfeiture fund after December 12, 2011, when those expenditures were from the budget previously approved by the regional review committee on September 20, 2011.

---

[1]Letter from Honorable Mark A. Marshall, McCulloch County Attorney, to Honorable Greg Abbott, Tex. Att'y Gen. (Oct. 12, 2011) ("Request Letter").

Your next question is whether "expenditures made from the DA's asset forfeiture fund after the [filing deadline] are to be approved by the county commissioner's courts or the regional review committee[.]" Request Letter. Under the plain language of section 24.377 of the Government Code and article 59.06 of the Code of Criminal Procedure, either the commissioners courts or the regional review committee of the 198th Judicial District may approve expenditures from the DA's asset forfeiture fund after the filing deadline. TEX. CODE CRIM. PROC. ANN. art. 59.06(d-1)(6)(A) (West Supp. 2011); TEX. GOV'T CODE ANN. § 24.377(c)(1)–(2) (West Supp. 2011).

Your third question is whether "'the proceeds from the sale of forfeited property' in Section 24.377(c) . . . also include cash that is seized and subsequently forfeited[.]" Request Letter. Approval of the use of proceeds from the sale of forfeited property under section 24.377 is subject to the requirements of article 59.06(a), which governs the conduct of, and the distribution of proceeds from, sales of forfeited property. TEX. GOV'T CODE ANN. § 24.377( c) (West Supp. 2011). Cash is a kind of property subject to article 59.06 requirements. *See* TEX. CODE CRIM. PROC. ANN. art. 59.06(c), (c-2), (p) (West Supp. 2011) (indicating that "forfeited property" includes "money"). *See also State v. One Thousand Dollars ($1,000) in U.S. Currency*, 865 S.W.2d 164, 165–66 (Tex. App.—Corpus Christi 1993, writ denied) (noting that cash is subject to article 59.06 forfeiture proceedings). Thus, cash could constitute seized and forfeited property under section 24.377(c).

## S U M M A R Y

Expenditures may be made from the 198th Judicial District district attorney's asset forfeiture fund after those expenditures are approved by a regional review committee under section 24.377 of the Texas Government Code. County commissioners courts and a regional review committee are among the entities that may approve expenditures from a district attorney's asset forfeiture fund. Cash could constitute seized and forfeited property under section 24.377 of the Texas Government Code.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

DANIEL T. HODGE
First Assistant Attorney General

DAVID J. SCHENCK
Deputy Attorney General for Legal Counsel

JASON BOATRIGHT
Chair, Opinion Committee

Jason Boatright
Assistant Attorney General, Opinion Committee